RHOADES, APPELLEE, *v.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, APPELLANT.

(No. 77-208—Decided April 12, 1978.)

46

*Messrs. Mills, Mills, Fiely & Lucas* and *Mr. Frank Lucas,* for appellee.
*Messrs. Day, Ketterer, Raley, Wright & Rybolt, Mr. John F. Buchman* and *Mr. James R. Blake,* for appellant.

*Per Curiam.* It is well-settled in Ohio that insurance policies should be enforced in accordance with their terms as are other written contracts. Where the provisions of the policy are clear and unambiguous, courts cannot, enlarge the contract by implication so as to embrace an object distinct from that originally contemplated by the parties. *Motorists Mutl. Ins. Co.* v. *Tomanski* (1971), 27 Ohio St. 2d 222, 226.

In the instant cause, the time-limitation provision of the accidental death policy was written by the parties in such language. The intent of the parties was that death of the insured occurring within 90 days after an accident was compensable; death occurring thereafter, although accidentally caused, was not compensable. Since it is not the function of this court to rewrite insurance contracts so as to provide coverage which we might consider more equitable, this contract provision must be enforced as written, unless held to be contrary to public policy.[1]

Appellee proposes that the time limitation is void as contrary to public policy. We cannot agree. "We know of no public policy justification for ignoring the language of a contract in order to impose liability on a defendant insurer for a loss not contemplated by the contract." *Shelton* v. *Equitable Life Assur. Soc. of U. S.* (1961), 28 Ill. App. 2d 461, 469, 171 N. E. 2d 787.

The test as to whether an insurance contract provision is void as against public policy is whether its purpose is " 'injurious to the public or contravenes some established interest of society.' " *L'Orange* v. *Medical Protective Co.*

---

[1] The general rule recognized throughout the country holds time-limitation provisions in insurance contracts valid. See 1A Appleman, Insurance Law & Practice, Section 612. (1965), and the cases cited therein. See, also, Annotation 39 A. L. R. 3d 1311.

(C. A. 6, 1968), 394 F. 2d 57, 60. The acknowledged purpose of the 90-day time limitation in such policies is to eliminate disputes concerning the proximate cause of an insured's death. This purpose is neither "injurious to the public" nor does it "contravene some established interest of society." Such a time limitation, in fact, serves a legitimate societal function.[2]

For this court to hold the 90-day time-limitation provision in the insurance contract void as against public policy would constitute an unwarranted infringement upon the right of freedom to contract.[3] Therefore, the judgment of the Court of Appeals must be reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

---

[2]See *Brown* v. *United States Cas. Co.* (N. D. Cal. 1899), 95 F. 935, 937, in which the court states:

"The clause limiting liabilities of insurance companies to indemnity when death occurs from accidental means within 90 days from the date of the accident appears to be incorporated in the standard policies of accident and casualty insurance companies, but there are few cases upon record showing any contest of this provision. It is to be presumed that insurance companies, in formulating policies, adopt the terms best suited to the purposes of all parties; that in fixing the premium charge it is necessary to limit the liability to a stated period; that from experience and the statistics on the subject 90 days has been decided to be a fair length of time for the final result of an accident; and, this being so, its incorporation into the contract serves to protect the interests of both insurer and insured."

[3]Appellee cites only one Pennsylvania case, *Burne* v. *Franklin Life Ins. Co.* (1973), 451 Pa. 218, 301 A. 2d 799, which has been followed to date by only *Karl* v. *New York Life Ins. Co.* (1976), 139 N. J. Super. 318, 353 A. 2d 564, for the proposition that a 90-day time limitation in an accidental death insurance policy is void as contrary to public policy. Those cases need not be distinguished from the instant cause for even if, as there, the insured's death was made inevitable by injuries sustained in an accident and there were no real questions concerning proximate cause, the policy provision as to the outer time limit for effective payment contained in the policy governs and is in our view not against public policy.