KERRY ET AL., APPELLANTS, *v.* STATE FARM MUTUAL AUTO
INSURANCE CO., INC., APPELLEE

[Cite as Kerry v. State Farm Mutual (1978),
60 Ohio App. 2d 8.]

(No. 9-78-1—Decided April 25, 1978.)

*Jerry B. Murray Co., L. P. A.,* for appellants.
*Messrs. Williamson & Williamson,* for appellants.
*Messrs. Sauter & Hohenberger,* for appellee.

COLE, J. This is an appeal from a summary judgment of the Common Pleas Court of Marion, in an action by appellants to collect medical expenses under a medical payment clause in an automobile insurance policy. The trial court rendered judgment for the defendant insurance company and against the appellant.

The facts involved are not complex. The plaintiff Roderick Kerry was injured in an auto accident while a passenger in a car owned by his employer, General Telephone Company. He was, at the time, in the course of his employment attending a school and was returning from classes when injured. He applied for and received Workmen's

Compensation.[2] Kerry had an automobile insurance policy with the defendant insurance company which contained a clause providing for medical payments to the policyowner and certain others for bodily injury sustained in certain automobile accidents. It is conceded by both parties that the policy contained an exclusion (Section I [K] [1]) which reads as follows:

"Exclusion—Section 1. This Insurance does not apply under: * * *

" (K) Coverages C and M, to bodily injury to any person:

"(1) With respect to divisions 1 and 2 if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law."

Medical payments are provided for under Coverage C Division 1 and 2; hence, the essence of this exclusion is that such payments are not payable where the insured receives benefits arising from the accident from Workmen's Compensation.

It is admitted such benefits were received (though it is contended these did not wholly compensate the appellant Roderick Kerry for his expenses) and hence the insurance company, based on this exclusion, denied the claim.

Appellants then brought an action against the insurance company. The company filed answers to interrogatories as did plaintiff, Roderick Kerry. A copy of the policy was filed. Thereupon the company filed a motion for summary judgment based upon the interrogatories and the policy and specifically upon the exclusion set forth above. The trial court granted the motion and judgment for the company. The Kerrys now appeal asserting two assignments of error:

"1. Where plaintiffs' policy of insurance issued by defendant specifically excludes medical payments coverage when any amount of industrial compensation is received, that policy exclusion is void as against public policy;

---

[2]Effective January 1, 1977, all applicable sections of the Revised Code were amended to read "workers' compensation" instead of "workmen's compensation."

"2. Where there is no double recovery involved, there is no reason to support the exclusion of all medical payments coverage when any amount of industrial compensation is received."

Both assignments of error basically call upon us to rewrite the policy of insurance by eliminating from it the quoted exclusion. With that exclusion in the policy there is no question that the trial court was correct in granting summary judgment for the defendant. The facts clearly indicate the appellant Roderick Kerry did receive industrial compensation payments (See Interrogatory No. 8, 9, 10; also affidavit of Roderick Kerry in which he states "Industrial Commission has paid part of my medical bills, but not all of my medical bills.") The policy exclusion then equally clearly prevents any recovery under these circumstances, under the policy.

The basic position of appellants is that the policy exclusion should be deleted from the policy as being against public policy. They contend that the policy should be construed strictly in favor of the insured. This is, of course, correct, where there is an ambiguity which requires such construction. Where, however, the language of the policy is clear, as it is here, no need for construction arises and the rule of strict construction has no application. In *National Life & Accident Ins. Co.* v. *Ray* (1927), 117 Ohio St. 13, 22, the court states:

"Insurance policies, like other written contracts, mean what they say and all they say. They are written for the protection of both parties thereto, and all others interested in the policies. If such contracts are not to be enforced as written, they might as well not be written at all."

In *Jackson* v. *Metropolitan Life Ins. Co.* (1973), 34 Ohio St. 2d 138, 140, it is stated:

"Appellee contends that where a phrase in an insurance policy is ambiguous it must be construed 'liberally in favor of the insured and strictly against the insurer.' * * * However the provisions of this insurance contract are set out in *express* and *unambiguous* terms. In such an instance 'this court cannot make a new contract for the parties where

they themselves have employed express and unambiguous terms. * * *' "

Here the pertinent clause is clear and unambiguous. If benefits are in whole or in part payable under the industrial commission plan, there is no coverage. The payment of the benefits under such a plan is conceded. There is no construction required.

Appellant's further argument is that the exclusion is contrary to public policy and should be declared void. We are cited to no Ohio case declaring such a clause to be void and to no statute which it violates. The appellant relies upon the case of *Bartlett* v. *Nationwide Mutl. Ins. Co.* (1973), 33 Ohio St. 2d 50, dealing with the deduction of industrial compensation benefits under uninsured motorist coverage. That case however involves a matter of statutory construction and application. The court determined that the public policy of the state was announced by the statute and "[p]rivate parties are without power to insert enforceable provisions in their contracts of insurance which would restrict coverage in a manner contrary to the intent of the statute." (Page 53.) Here however there is no statute and hence no declaration of public policy by legislative act.

This being the case, the appellant is, in effect, requesting this court to declare that the exclusion, irrespective of statute, is void as against public policy. The apparent ground for this request is that the provision for total exclusion of coverage, even though only a part is also covered by industrial compensation, is inherently unreasonable and unfair.

Generally, compensation under Workmen's Compensation provides for the payment of medical expenses growing out of industrial accidents. R. C. 4123.651 and 4123.66. It also provides for temporary partial and permanent partial disability payments. Medical payment insurance coverage is also coverage without respect to liability, and hence without possibility of recovery. The exclusion is designed to make the industrial compensation the sole source of compensation where it is applicable. The policy cover-

age is thus limited to being an *alternative* source of compensation and is not a *supplementary* source of compensation. There is nothing inherently unreasonable in such a concept. There is nothing in public policy which demands that medical coverage be supplemental in nature, and granted that the payments are only alternatives to industrial compensation, there is nothing that is inherently unfair in such a provision. Upon the risks as so limited premiums were calculated and paid. It is that upon which the parties agreed when the policy was purchased.

The policyholder is simply returned to his status under the applicable industrial compensation program. The alternative is eliminated and undoubtedly premiums are calculated and paid upon the basis of the elimination of medical payments. The coverage was clearly set forth in that policy and we do not find the exclusion here concerned to be against public policy *per se*. If only supplementary provisions are to be considered as appropriate, the decision should be by legislative act. See also as to a similar issue: *Rhoades* v. *Equitable Life Assur. Soc. of U. S.* (1978), 54 Ohio St. 2d 45.

Since we decline to declare the contract clause to be void as against public policy the similar decision of the trial court must be affirmed and both assignments of error held to be without merit.

*Judgment affirmed.*

MILLER, P. J., and GUERNSEY, J. concur.