**SENTRY LIFE INSURANCE
CO., Plaintiff,**

v.

**Barbara LUSTGARTEN, M.D.,
Defendant.**

**No. C–3–83–246.**

United States District Court,
S.D. Ohio, W.D.

Aug. 22, 1984.

William R. Ellis, Cincinnati, Ohio, for plaintiff.

David C. Greer, Dayton, Ohio, for defendant.

OPINION; JUDGMENT TO BE ENTERED FOR DEFENDANT ON PLAINTIFF'S COMPLAINT; JUDGMENT TO BE ENTERED FOR DEFENDANT ON DEFENDANT'S COUNTERCLAIM; FINDINGS OF FACT AND CONCLUSIONS OF LAW; TERMINATION ENTRY

RICE, District Judge.

The captioned cause came on to be heard upon the Plaintiff's Complaint, seeking a declaratory judgment to the effect that certain legal expenses are not covered under the express terms of a policy of disability insurance written by the Plaintiff. The Plaintiff seeks a declaration that it is, accordingly, under no legal obligation or liability to pay any insurance proceeds to the Defendant herein, with reference to legal fees, other than those fees normally incurred on a month-to-month basis for the operation of her corporate business: 1) incurred but not paid *prior* to the date of the

Defendant's disability, 2) interest on those pre-disability legal fees voluntarily incurred by the Defendant, 3) legal fees voluntarily incurred by the Defendant *after* the date of her disability and 4) interest on those post-disability incurred legal fees. Further, Plaintiff seeks a declaration by the Court that the Plaintiff is entitled to reimbursement from the Defendant for any payments made to date relative to those legal expenses and interest thereon. The Defendant has counterclaimed, seeking a declaration by this Court that the expenses in question are covered by the express terms of the policy of disability insurance · in question and that the Plaintiff is, accordingly, under a legal obligation or liability to pay insurance proceeds to the Defendant, on the basis of legal fees and/or interest on legal fees incurred by the Defendant as normal and customary charges in the operation of her office. Further, the Defendant seeks judgment against the Plaintiff in the amount of all office overhead expenses incurred by her for each month of her disability, for the period from January 20, 1981 to January 20, 1984, subject to the maximum benefit of $5,000 per month, provided by the Plaintiff's policy and, further, subject to a credit for the benefits paid to date under the policy.

A. FINDINGS OF FACT

1. Prior to hearing upon the merits, the parties entered into 18 stipulations of fact which were filed with this Court (doc. # 8). These 18 stipulations of fact are incorporated into the body of this opinion, by reference, as though same were fully set forth herein.

2. In addition to the above referenced stipulations of fact, the following relevant facts have been proven, by the requisite preponderance of the evidence:

a. The Defendant is a physician licensed to practice in the state of Ohio, specializing in anesthesiology and obstetrics.

b. At all pertinent times herein, she was pursuing the practice of her medical specialties in Hillsboro, Ohio. She maintained her professional office in that city, and was a member of the medical staff of the only hospital in the community. The nature of her specialty is such that she requires hospital privileges to practice her profession.

c. Beginning during the year 1976, the Defendant was required to secure legal services in connection with litigation stemming from her being denied privileges at the only hospital in the community. It was necessary for her to secure legal services in order to deal with this legal problem.

d. Up until the time the litigation terminated, in a manner adverse to her interests in 1982, the Defendant was able to retain her hospital privileges through court orders.

e. Dr. Lustgarten was unable to pay all of the expenses of her litigation as they were incurred, and in October of 1980, she gave her attorneys a promissory note for past due fees in the amount of $101,183.94 (Exhibit B). This note generated a monthly interest obligation of $1,011.84, and the principal amount of the note still remains unpaid (Exhibit A). In addition to the interest expense for her past due attorney fees, Dr. Lustgarten continued to incur legal expenses after she became disabled in December of 1980. Her 1981 legal fees averaged $1,888.29 a month, and she incurred legal fees during the first four months of 1982 in the amounts of $945.00, $502.00, $20.00 and $4,956.46 (Exhibit A). These fees were consolidated into a second note in May of 1982 (Exhibit B), and interest on this note increased Dr. Lustgarten's monthly interest obligation to $1,348.60 commencing in July of 1982 (Exhibit A).

3. In addition to the stipulations of fact referred to above, two additional stipulations have been entered into by and between the parties, to wit:

a. The issue of late notice has been waived by Sentry Life Insurance Company.

b. The issue of estoppel with regard to payments made (4th Defense in De-

fendant's Answer) has been waived by the Defendant, Dr. Lustgarten.

## B. OPINION

 The relations of parties to a contract of insurance are contractual. The rules governing the construction and interpretation of contracts, generally, apply in construing policies or contracts of any of the various kinds of insurance. Where the provisions of the policy are clear and unambiguous, courts cannot enlarge the contract by implication, so as to embrace an object distinct from that originally contemplated by the parties. *Rhoades v. Equitable Life Assurance Society,* 54 Ohio St.2d 45, 374 N.E.2d 643 (1978). A policy of insurance, as with any other contract, must be given reasonable construction, looking to the reasonable intendment of the language of the policy in order to ascertain the intention of the parties. *Wood v. Aetna Life Insurance Company,* 112 Ohio App. 560, 171 N.E.2d 354 (Hamilton Cty.1960).

The Sixth Circuit Court of Appeals, in *Peebles v. Prudential Insurance Company of America,* 110 F.2d 76 (6th Cir.1940), stated that the most satisfactory test for ascertaining the true meaning of an insurance contract is to place oneself in the position of the contracting parties, and to view all of the facts and circumstances surrounding them in order to determine what they meant by the phrases and words in the instrument. The manifest intention thus appearing must prevail, regardless of inept expressions or careless recitals.

There are four categories of disputed items contained under the overall heading of legal fees, to wit:

1) legal fees incurred but not paid *prior* to the date of the Defendant's disability;

2) interest on those legal fees voluntarily incurred by the Defendant;

3) legal fees voluntarily incurred by the Defendant *after* the date of her disability; and

4) interest on those post-liability incurred legal fees.

It is clear that legal fees incurred prior to the date of the Defendant's disability are not covered by the policy of insurance in question, in that said legal fees have no relationship to either the disability or to the period after which the disability commenced. As to interest on those legal fees, incurred prior to the date of disability, for reasons set forth below, this Court concludes that same are coverable by the policy of insurance in question, in that, were it not for the disability, the Defendant would presumably have been able to liquidate her legal fees obligation, out of current income, without the necessity of signing a note covering accrued and incurred legal fees, which she was unable to pay, and therefore incurring interest thereon. Further, for reasons set forth below, this Court concludes that both legal fees and interest thereon, incurred after the date of her disability, being normal and regular (recurring) charges customarily incurred in the operation of this Defendant's business, are likewise covered. Interest on the post-disability incurred legal fees is covered, in view of the fact that said interest became a normal and regular (recurring) charge incident to the operation of the insured's business, because of the fact that her disability prevented her making periodic payments on the legal fees, out of current income, thus necessitating the incurring of interest charges upon those legal fees.

 While it is clear that at the time the contract of insurance was entered into by and between the parties, there was no contemplation that the Defendant might lose her hospital privileges and be forced to expend a large sum of money in legal fees in an attempt to regain same, it is clear that the parties did, in fact, contemplate, generally, the coverage of overhead expenses, such as legal fees. Case authority, to the extent that it exists, does acknowledge that legal expenses incurred in the operation of a business or profession are properly categorized as "overhead expenses". *King Features Syndicate v. Courrier,* 241 Iowa 870, 882, 43 N.W.2d 718 (1950); *Jessup & Moore Paper Company v. Bryant Paper Company,* 297 Pa.

483, 488, 147 A. 519 (1929). The Ohio Supreme Court has found that legal expenses are considered as overhead in determining the value of a utility company. *The Hardin-Wyandot Lighting Company v. Public Utilities Commission*, 118 Ohio St. 592, 162 N.E. 262 (1928); *Bell Telephone Company v. Public Utilities Commission*, 113 Ohio St. 259, 148 N.E. 817 (1925). The Court of Appeals of Hamilton County, Ohio, stated in *Behlen v. Ricketts*, 30 Ohio App. 167, 174, 164 N.E. 436 (1928), that overhead referred to "those general charges, expenses, etc. in any business which cannot be charged up belonging exclusively to any particular part of the work product, as where different kinds of goods are made." *Id.* at 174, 164 N.E. 436. The attorneys fees at issue herein were not attributable to any part of the Defendant's work, but rather the fees were a result of an attempt to protect her medical business as a whole. Therefore, it would seem that under the *Behlen* test, these legal fees are overhead. Furthermore, the Plaintiff acknowledges, albeit by way of memoranda, that parties to an office overhead expense policy do contemplate *legal fees* "normally incurred in the negotiation of leases, approval of contracts, and so forth." (Trial Brief of Sentry Life Insurance Company, doc. # 6 at 5; Plaintiff's Reply to Supplemental Trial Brief, doc. # 10 at 2) In this Court's view, the mere fact that the legal expense actually incurred by the Defendant was different in both kind and degree from that which might have been within the contemplation of the parties, does not, in and of itself, make such expenses anything other than legal in nature. In short, whether the legal expenses were for the purpose of negotiating a lease, reviewing a contract, or collecting upon an account, on the one hand, or for the purpose of attempting to prosecute litigation in order to regain her hospital privileges, on the other hand, both categories of expenses are *legal* in nature. Since legal expenses, of whatever kind, are normal and regular charges customarily incurred by the insured in the operation of her business, as regularly recurring charges, and, further, since the securing of

hospital privileges is an absolute essential in the successful operation of the Defendant's business, it is clear that such expenses fall within the specific language of the policy in question.

That legal fees were within the contemplation of the parties to this contract of insurance is also clear from the fact that the language of the provision in question specifically mentions, as covered overhead, malpractice insurance premiums. If malpractice insurance premiums are considered overhead expenses, then, clearly, the expenses of defending a malpractice action (if no malpractice insurance existed or if the physician were sued for an amount in excess of her malpractice insurance coverage) would also be overhead expense. Therefore, since the expenses of defending a malpractice action constitute overhead expense, there is no reason, either legally or logically, why the expenses of prosecuting an office or profession related lawsuit, such as was done in the instant case, should not also be overhead expense covered under the policy of insurance.

What was in the mind of the parties, at the time the contract of insurance was entered into by and between them, was that the policy of insurance would cover all normal and regular charges (recurring charges) customarily incurred in the operation of the Defendant's business. To argue that this did not contemplate legal expenses would be to state the ludicrous. As long as expenses of a legal nature were contemplated by the parties, as coverable overhead, the fact that the legal expenses, over a given period of time, were far different in kind and degree and greater in degree, to any that had ever been incurred before, does not transform coverable legal expenses into a non-coverable item. To argue, as does the Plaintiff insurance company, that, in order for coverage to attach, the legal expense must be of the *type* normally, regularly and customarily incurred, would be to produce an illogical result. For example, if, in the operation of the Defendant's business, it was necessary for her to secure legal services to draft

leases or to institute collection suits for delinquent accounts, not on a monthly basis, but rather on a once or twice a year basis, then the Plaintiff would have this Court believe that such charges, although they be legal in nature, are not of the type that normally, regularly and customarily occur and that they are, therefore, not covered under the policy of insurance (Complaint, doc. # 1 at 3). Such a result could not have been contemplated by the parties. Rather, since the parties contemplated legal expenses as coverable overhead, the Plaintiff cannot now be heard to complain because the legal expenses, for which reimbursement is sought, are different in kind and degree and greater in amount than those previously incurred. Were it otherwise, in order for an insured to recover under a policy of this description for legal expenses, it would be necessary for the insured to satisfy the insurance company that not only did the general amount of legal expense recur on a frequent (perhaps monthly) basis, but also that the specific type of situation, for which legal expenses were incurred and for which reimbursement was sought, was within the specific intention and contemplation of the parties at the time the contract of insurance was entered into. Such a result would transform the law of insurance beyond that plateau where it presently exists.

In this case, the parties bargained for coverage of legal expenses, of whatever nature, as long as said expenses were normal and customary in the operation of the insured's office or business. That the type of situation which ensued and, therefore, the magnitude of the legal expenses that were incurred in order to deal with the situation were beyond the contemplation of the insurance company and the insured, at the time the policy of insurance was entered into, does not alter the obligation of the insurance company to reimburse the insured for these charges. It must be kept in mind that the language in question specifically talks in terms of regularly recurring charges as are normal and customary in the operation of the *insured's* office or business. That such legal expenses (and the situation giving rise to such expenses) does not normally exist in the operation of *a* doctor's business is irrelevant. The fact is that such charges, at the time the Defendant became disabled, were normal and customary (and recurring) in the operation of *her* (the insured's) office or business.

If the insurance company feels aggrieved at this interpretation of the language it drafted, its recourse (other than the customary recourse of appeal to the Sixth Circuit Court of Appeals) is to redraft its contractual language in future contracts of insurance between it and a prospective insured.

Finally, in addition to the above reasoning, the Court refers the parties to the well established rule that an insurance policy must be construed most favorably for the insured, and most strongly against that party (the insurance company) that drafted same. *Butche v. Ohio Casualty Insurance Company,* 174 Ohio St. 144, 187 N.E.2d 20 (1962); *Home Indemnity Company v. Plymouth,* 146 Ohio St. 96, 64 N.E.2d 248 (1945).

> Language in a contract of insurance reasonably susceptible of more than one meaning will be construed liberally in favor of the insured and strictly against the insurer.

*Buckeye Union Insurance Company v. Price,* 39 Ohio St.2d 95, 313 N.E.2d 844 (1974).

> ... where the meaning of language used in a contract of insurance is doubtful, uncertain or ambiguous, the language will be construed strictly against the insurer, the party who prepared the contract.

*Travelers Indemnity Company v. Reddick,* 37 Ohio St.2d 119, 121, 308 N.E.2d 454 (1974).

Therefore, even if one assumes, *arguendo,* that the pertinent language in question is doubtful, uncertain or ambiguous (being susceptible of more than one meaning), this language must be construed strictly against the insurer, the party who prepared the contract of insurance.

## C. CONCLUSIONS OF LAW

1. Based upon the aforesaid, this Court concludes that the legal expenses in question (with the exception of legal fees incurred but not paid prior to the date of the Defendant's disability) are covered under the express terms of the policy of insurance in question and that the Plaintiff is, therefore, under a legal obligation and liability to pay insurance proceeds to the Defendant herein on the basis of the legal fees and/or interest on the legal fees incurred by the Defendant, subject to the maximum benefit of $5,000 per month during the period of coverage, less any credit for benefits paid to date under the policy. The insurance company is not entitled to reimbursement from the Defendant for any payments made to date, relative to those legal expenses and interest thereon, except to the extent that the aggregate of all legal expenses and interest thereon, with the exception of those legal expenses incurred by the Defendant prior to the date of her disability, do not equal the maximum benefit of $5,000 per month.

2. The expenses in question (all legal fees and interest thereon, with the exception of legal fees incurred by the Defendant prior to the date of her disability), are covered by the express terms of the Plaintiff's policy of insurance. Plaintiff is under a legal obligation or liability to pay insurance proceeds to the Defendant, on the basis of legal fees and interest on legal fees incurred by the Defendant as normal and customary charges in the operation of her office. Judgment will be entered, in favor of the Defendant and against the Plaintiff, upon the Defendant's counterclaim, in the amount of all office overhead expenses incurred by her, for each month of her disability for the period from January 20, 1981 to January 20, 1984, subject to the maximum benefit of $5,000 per month, provided by the Plaintiff's policy, and subject further to a credit for benefits paid to date under the policy.

WHEREFORE, based upon the aforesaid, this Court enters judgment in favor of the Defendant and against the Plaintiff on the Plaintiff's Complaint. Ruling further, this Court enters judgment in favor of the Defendant and against the Plaintiff, in the manner and to the extent as aforesaid, upon the Defendant's counterclaim.

The Clerk will enter judgment accordingly.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.