SHORELAND EARLY CHILDHOOD CENTER, INC. et al., Appellees,

v.

ALEXANDER et al.; Essex Insurance Company, Appellant. ■

[Cite as *Shoreland Early Childhood Ctr., Inc. v. Alexander* (1992), 84 Ohio App.3d 47.]

Court of Appeals of Ohio,
Lucas County.

No. L–91–388.

Decided Nov. 27, 1992.

*Julia Smith Wiley, Jeffrey J. Perkins* and *James S. Nowak,* for appellees.
*Joseph Dawson* and *Keith Winterhalter,* for appellant.

HANDWORK, Judge.

This case was assigned to the accelerated docket, but is now returned to the regular docket. Appellant, Essex Insurance Company, filed this appeal to challenge the ruling of the Lucas County Court of Common Pleas that appellant has a duty to provide legal representation and indemnification to appellees, Shoreland Early Childhood Center, Inc. and Anne M. Kubacki. The ruling came when the trial court filed a judgment entry granting motions for summary judgment filed by appellees Shoreland Early Childhood Center, Inc. and Anne M. Kubacki, and denying a motion for summary judgment filed by appellant. The journal entry also contained language from Civ.R. 54(B) indicating that there was no just cause to delay an appeal.

The facts and procedure which preceded the trial court's ruling and this appeal are as follows. On November 8, 1988, appellee Kubacki, employed as a teacher by appellee Shoreland Early Childhood Center, Inc., drove several children in her car from the day-care to a school bus stop. Ordinarily, the teacher walked with the children to the school bus stop, but because of inclement weather on November 8, 1988, she decided to drive the children to the school bus stop. The teacher's car was a two door, so the child sitting in the front seat on the passenger side held the seat forward to allow the children in the back seat to get out of the car. The children were instructed to wait on the grass after they got out of the car. The teacher then planned to lead all the children safely across the street to the school bus stop. One child, who was among the first to get out of the car, did not follow instructions, attempted to cross the street and was struck by a car. The teacher did not know the accident occurred until the child appeared at her car window holding his hand over one eye and saying that he had been hit by a car. She immediately drove the child back to the day-care, where he received medical treatment.

The child who had been struck, and his parents, filed a complaint in the Lucas County Court of Common Pleas against the day-care, the day-care teacher and the driver of the car which struck the child. Contained in the complaint were the following allegations:

"4. On or about November 8, 1988, Anne M. Kubacki transported Plaintiff Adam W. Alexander from Shoreland Early Childhood Center, Inc. to a school bus stop.

"5. Defendant Kubacki had a duty to supervise the minor Plaintiff and to transport him safely to the bus stop.

"6. Defendant Kubacki parked her car on the opposite side of the street from the bus stop, in the middle of the block and failed to supervise Plaintiff Adam W. Alexander's safe passage across the street to the bus stop.

"* * *

"9. [The Plaintiff's] injuries and expenses are a direct and proximate result of the negligent acts of Defendant Kubacki, who breached her duty to supervise Plaintiff Adam W. Alexander and to transport him safely to his bus stop."

The day-care notified appellant that both the day-care and the teacher had been sued and requested that appellant provide legal defense counsel and indemnification. When appellant failed to respond to repeated requests and inquiries, the day-care filed the complaint seeking a declaratory judgment which began this case. As previously noted, summary judgment motions were filed by the day-care, the teacher and appellant. The trial court granted the motions filed by the day-care and the teacher and denied the motion filed by appellant. Appellant filed a notice of appeal to this court, but because some issues remained undecided and no Civ.R. 54(B) language was included in the original judgment entry, the appeal was dismissed. Appellant then filed a motion for clarification in the trial court. The trial court issued a judgment entry titled *nunc pro tunc,* which in reality was not correcting any clerical or typographical error, but incorporated the holding in the earlier judgment entry, ordered that appellant indemnify the day-care and the teacher, and included language from Civ.R. 54(B). Appellant then brought this appeal.

Appellant has presented one assignment of error, with two subsections, for consideration. The assignment of error and subsections are:

"A. The lower court erred in entering the May 10, 1991 Opinion and Judgment Entry.

"1. The trial court failed to address the transportation exclusion of the liability policy.

"2. The unloading process was not complete at the time Adam Alexander was injured."

Essentially, appellant is arguing that the trial court failed to properly construe two exclusions contained in the insurance policy issued by appellant to the day-care. Appellant argues that if the exclusions are properly construed, appellant

owes no duty to represent or indemnify either the day-care or the teacher in the suit filed by the injured student and his parents. Because the trial court's decision was rendered as a summary judgment, this case is governed by the provisions of Civ.R. 56(C), which are, in pertinent part, as follows:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

All parties have stipulated to the facts in this case, so there is no genuine issue as to any material fact. The issue which does remain is whether, when construing the facts most strongly in favor of appellant, reasonable minds can reach only one conclusion: that appellees are entitled to judgment as a matter of law. The trial court considered the exclusion terms and concluded that appellees were entitled to judgment as a matter of law. As a result, the trial court ordered appellant to provide legal representation to the day-care and to the teacher in the suit filed by the injured student and his parents, and ruled that in the event the day-care or the teacher was found to be liable, the day-care and teacher were entitled to indemnification from appellant.

Appellant argues that neither the day-care nor the teacher was entitled to either legal representation or indemnification because specific terms in the policy exclude situations, such as the one involved in the case filed by the injured student and his parents, from coverage under the insurance policy issued by appellant to the day-care. In Ohio, the language used in an insurance policy determines the rights and obligations of the parties. *Kerry v. State Farm Mut. Auto. Ins. Co.* (1978), 60 Ohio App.2d 8, 10, 14 O.O.3d 7, 8, 395 N.E.2d 375, 376. If the terms used in the contract have a plain and ordinary meaning, rules of construction will not be applied to construe the terms. *Karabin v. State Auto. Mut. Ins. Co.* (1984), 10 Ohio St.3d 163, 166–167, 10 OBR 497, 499–500, 462 N.E.2d 403, 406–407. However, if the language is ambiguous, the policy will be strictly construed against the insurer. *Kerry v. State Farm Mut. Auto. Ins. Co.*, 60 Ohio App.2d at 10, 14 O.O.3d at 8, 395 N.E.2d at 376. The key terms in the exclusions listed in the insurance policy issued by appellant to the day-care are

"transportation" and "loading or unloading." The paragraphs in which these terms appear read as follows:

"This insurance does not apply:

" * * *

"(b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of ——.

" * * *

"(II) any other automobile or aircraft operated by any person in the course of his employment by any insured[.]  * * * "

and;

"In consideration of the premium at which this policy is written, it is agreed that this policy is subject to the following additional exclusions:

"This insurance does not apply:

" * * *

"II.  To Bodily Injury or Property Damage arising out of the transportation of students or other persons to or from the premises."

The trial court concluded that the key terms in dispute are ambiguous and cited a decision of the Ohio Supreme Court to support the conclusion.  The case cited by the trial court, *Bobier v. Natl. Cas. Co.* (1944), 143 Ohio St. 215, 28 O.O. 138, 54 N.E.2d 798, 799, paragraph three of the syllabus, states:

"Where an insurer drafts and issues an automobile indemnity policy, providing therein for insurance against liability resulting from injury to or destruction of property, arising out of the ownership, maintenance or use of an automobile including loading and unloading thereof, but fails to define in the policy what shall constitute 'loading and unloading,' such phrase is ambiguous and will be given the construction most favorable to the insured."

While this case deals with liability insurance that was not issued to provide automobile indemnity coverage, the trial court could justifiably cite and rely upon the rule of law stated in *Bobier v. Natl. Cas. Co.*, because this case deals with a situation analogous to that addressed by the *Bobier* court.  The term "loading or unloading" is ambiguous and must be interpreted against the insurance company, appellant.  Appellant argues that the teacher was still unloading her vehicle because not all of the children were out of the back seat of her car when the student who filed suit was hit by an oncoming car.  The trial court ruled that the unloading was complete as to the child that was injured, since he was completely outside the car and was trying to cross the street on his own when he was struck by an oncoming car.  This court agrees that the unloading was complete for the purposes of this case—a result dictated by the requirement that the ambiguous

term be interpreted against the insurer. The child who filed suit was completely outside the car and was, therefore, unloaded.

The trial court cited *Bobier v. Natl. Cas. Co.* to support its conclusion that the term "transportation" is also ambiguous. The term "transportation" was never directly mentioned in the *Bobier* case and this court is unwilling to conclude that the term "transportation" is ambiguous. A plain, ordinary meaning exists for "transportation." Webster's Ninth New Collegiate Dictionary defines "transportation" as: "I. an act, process, or instance of transporting or being transported * * * III. a: a means of conveyance or travel from one place to another * * *." Webster's Ninth New Collegiate Dictionary (1989) 1255. "Transport" is defined as: "I. to transfer or convey from one place to another * * *." *Id.* Clearly, the teacher was not transporting the student when he was hit. The student was accomplishing his transfer or conveyance from one place to another by his own propulsion—walking. The trial court did not err when it concluded that the exclusion of coverage for transportation did not apply in this case. Appellant's assignment of error is not well taken.

There is no genuine issue as to any material fact in this case; when construing the evidence in a light most strongly in favor of appellant, reasonable minds can only conclude that the day-care and the teacher are entitled to summary judgment as a matter of law. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

GLASSER, P.J., and ABOOD, J., concur.