MAJOR, Appellant,

v.

LINCOLN NATIONAL LIFE INSURANCE COMPANY et al., Appellees.

[Cite as *Major v. Lincoln Natl. Life Ins. Co.* (1992), 84 Ohio App.3d 219.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1019.

Decided Dec. 17, 1992.

■

*Daniel D. Connor Co., L.P.A.*, and *Daniel D. Connor*, for appellant.

*Vorys, Sater, Seymour & Pease, Carl Smallwood* and *Ellen Seats*, for appellee Lincoln National Life Insurance Company.

*Baker & Hostetler, Randall S. Rabe* and *David C. Levine; Crabbe, Brown, Jones, Potts & Schmidt* and *John C. Albert*, for appellees Worthington City Schools and Bruce E. Mousa.

PETREE, Judge.

This is an appeal from the decision of the Franklin County Court of Common Pleas granting defendants' motions for summary judgment. Plaintiff, Glenn G. Major, cites as error the following:

"The trial court erred in granting Defendants' Motion for Summary Judgment because, despite its finding that questions of fact exist as to causation of Plaintiff's injuries, the court still held as a matter of law against Plaintiff. Consequently, Plaintiff's right to his day in court was erroneously pre-empted, denying him due process of law under Article I, Section 16 of the Ohio Constitution and the Fourteenth Amendment of the U.S. Constitution."

Plaintiff, during his employment as a maintenance worker for the Worthington City School District, severely burned his feet repairing a roof. The accident occurred on August 24, 1988 and was reported to the school district. Plaintiff underwent numerous medical treatments before eventually losing his leg. Plaintiff's leg was amputated in October 1990, more than two years after the debilitating accident. Plaintiff submitted a claim under the accidental and death benefits provision of his insurance. The insurance policy, issued by defendant, Lincoln National Life Insurance Company, provides that an insured individual will be paid benefits for an insured loss if and only if:

"a. The loss: i) results from an accidental bodily injury which occurred while the individual was insured; and ii) was independent of all other causes; AND

"b. The accidental bodily injury is evidenced by a visible bruise or wound (except in the case of: i) internal injuries shown by autopsy; or ii) drowning); AND

"c. The loss occurs no more than 90 days after the injury."

Plaintiff did not recover on his insurance claim and filed suit against Lincoln National Life Insurance Company, Worthington City Schools District and Bruce E. Mousa, Director of Business for Worthington. Defendants filed two separate motions for summary judgment. The court granted both motions and plaintiff filed a timely appeal.

It is well established that " '[s]ummary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution, resolving doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion.' " *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 2, 24 O.O.3d 1, 2, 433 N.E.2d 615, 616. More succinctly, summary judgment may be granted pursuant to Civ.R. 56(C) only if there are no genuine issues of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion which is adverse to the nonmoving party.

Plaintiff argues that the trial court erred in granting defendants' motions for summary judgment because, despite finding that questions of fact exist as to causation of plaintiff's injuries, the court still found against plaintiff as a matter of law. The court has reviewed the record and finds that, while disputed issues still exist, they are not genuine issues of material fact as contemplated in Civ.R. 56(C). For issues to be deemed "material" such issues must affect the outcome of the litigation. *A.I. Root Co. v. Computer Dynamics, Inc.* (N.D.Ohio 1985), 615 F.Supp. 727. In the present case, even if every disputed issue concerning the causation of plaintiff's injuries were resolved in favor of plaintiff, it would make no impact on the final resolution of this case. It is clear under the facts of this case that defendants are entitled to judgment as a matter of law based on the Supreme Court case of *Rhoades v. Equitable Life Assur. Soc. of United States* (1978), 54 Ohio St.2d 45, 8 O.O.3d 39, 374 N.E.2d 643.

In *Rhoades,* the issue addressed was whether a ninety-day time limit provision of an accidental death policy was void as contrary to public policy. The court said that such time limits served a legitimate societal function and for the court to find the insurance contract void as against public policy "would constitute an unwarranted infringement upon the right of freedom to contract." *Id.* at 48, 8 O.O.3d at 41, 374 N.E.2d at 645. The court upheld the enforcement of the ninety-day time limit.

In the pending matter, plaintiff's insurance policy requires the loss to occur "no more than 90 days after the injury." Plaintiff's leg was amputated more than two years after the injury occurred. Two years is obviously well after the ninety-day

time limit imposed by Lincoln National Life Insurance Company in its policy. "It is well-settled in Ohio that insurance policies should be enforced in accordance with their terms as are other written contracts. Where the provisions of the policy are clear and unambiguous, courts cannot enlarge the contract by implication so as to embrace an object distinct from that originally contemplated by the parties." *Rhoades,* 54 Ohio St.2d at 47, 8 O.O.3d at 40, 374 N.E.2d at 644. Plaintiff's policy is clear and unambiguous that a loss must occur within ninety days of an injury. Plaintiff's leg was lost more than two years after he burned his feet on the roof; therefore, he is not entitled to benefits under the policy issued by Lincoln National Life Insurance Company. Plaintiff's assignment of error is not well taken.

Plaintiff's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BOWMAN and REILLY, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, sitting by assignment.