This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Paul B. Bartulica, M.D. and Lorain OB/GYN Group, Inc., appeal the decision of the Lorain County Court of Common Pleas. We affirm.
{¶ 2} On September 24, 2001, Appellants filed a complaint against American Physicians Capital, Inc. and Kentucky Medical Insurance Company ("Appellees") alleging breach of contract and breach of the duty of good faith, and requesting a declaratory judgment interpreting the language of the insurance policy.
{¶ 3} Appellees' predecessors issued a medical professional liability insurance policy to Appellants, and Appellees thereafter assumed the policy. The policy contains a provision which states:
 {¶ 4} "Consent to settle provision. We'll also have the right to proceed to trial in your defense or to settle any claim up to the limits of coverage that apply to it. However, we will not settle any claim without the consent of the insured against whom the claim was brought unless a judgment in favor of the plaintiff has been entered against the insured by the court following a trial. This consent provision does not apply to any insure who has lost his/her license to practice medicine, who no longer carries primary professional liability coverage with the Company (unless an extended reporting endorsement has been issued to the insured by us), or to anyone whose current whereabouts cannot be ascertained after reasonable efforts."
{¶ 5} During the 1999-2000 policy year, Appellants were sued twice for medical malpractice. As a result of these claims, Appellees decided not to renew Appellants' policy. Appellees sent Appellants a letter notifying them of their intention not to renew the policy, effective January 15, 2001. Subsequently, the first medical malpractice case went to mediation. Because the medical malpractice case was filed during the policy year, Appellees settled the case in June 2001. Appellants did not consent to the settlement. The second medical malpractice case also went to mediation. Appellants did not consent to the proposed settlement and initiated the present case, alleging that their consent to settlement is required by the language of the policy.
{¶ 6} Both parties moved for summary judgment. The trial court granted Appellees' motion for summary judgment and denied Appellants' motion for summary judgment. It is from this judgment that Appellants appeal.
{¶ 7} Appellants appear to raise three assignments of error. We will address the second and third assignments of error together to facilitate review.
 First Assignment of Error {¶ 8} "THE TRIAL JUDGE ERRED IN GRANTING SUMMARY JUDGMENT IN DEFENDANTS' FAVOR BECAUSE DEFENDANTS WERE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW."
{¶ 9} In their first assignment of error, Appellants allege that the trial court erred in granting Appellees' motion for summary judgment because Appellees were not entitled to judgment as a matter of law. We disagree.
{¶ 10} Appellate review of a trial court's entry of summary judgment is de novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. Pursuant to Civ.R. 56(C), summary judgment is proper if there is no genuine issue of material fact that remains to be litigated, the moving party is entitled to judgment as a matter of law, and viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to one conclusion. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
{¶ 11} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
{¶ 12} In the present case, the policy states that Appellees will not settle without the insured's consent, however, there are three exceptions to the consent requirement. One such exception is applicable when the insured no longer carries liability coverage with Appellees. Appellees assert that Appellants' consent is not required because Appellants did not carry liability coverage with Appellees at the time of the settlement.
{¶ 13} Appellants assert that the policy language is ambiguous. According to Appellants, the exceptions to the consent to settle provision require an affirmative act on the part of the insured before consent is no longer required. In the present case, it was Appellees' decision, not Appellants' decision, to not renew the policy. Appellants argue that the exception does not apply to them because they did not affirmatively act. Consequently, they assert that consent was required before Appellees could settle. This argument is not well taken.
{¶ 14} Insurance policies are enforced in accordance with their terms as are other written contracts. Rhoades v. The Equitable LifeAssur. Soc. of the United States (1978), 54 Ohio St.2d 45, 47.
{¶ 15} "Moreover, absent some special circumstance, such as a contractual definition, or a commercial or technical meaning acquired by usage and intended to be used by the parties, or a special meaning manifested in the contractual context, the entire policy must be considered and construed in a fashion which accords words and phrases therein their natural and usual meaning." Gomolka v. State Auto. Mut.Ins. Co. (1982), 70 Ohio St.2d 166, 172-73.
{¶ 16} "If the insurance contract is `clear and unambiguous' its interpretation is a question of law." Red Head Brass, Inc. v. BuckeyeUnion Ins. (1999), 135 Ohio App.3d 616, 627. If the policy is reasonably susceptible to more than one interpretation, the language will be construed strictly against the insurer. King v. Nationwide Ins. Co.
(1988), 35 Ohio St.3d 208, 211.
{¶ 17} The consent to settle provision in the policy at issue is not reasonably susceptible to more than one interpretation. The policy does not define the phrase "no longer carries." Giving the words in the policy their natural and usual meaning, consent to a settlement is not required if an insured does not have a current insurance policy, regardless of whether it is the insured or the insurer who decides not to renew the policy.
{¶ 18} For the foregoing reasons, this Court finds that summary judgment in favor of Appellees was appropriate. The record reflects that no genuine issues of material fact exist and that Appellants failed to meet their burden of rebutting Appellees' demonstration that no issues exist. Appellees are entitled to judgment as a matter of law because the language in the policy does not require consent of an insured who no longer carries insurance with Appellees, and Appellees did not breach the contract or breach a duty of good faith by settling claims against Appellants. Reasonable minds can come to only one conclusion — that the language in the policy is not ambiguous, and therefore, Appellees did not breach the contract or breach a duty of good faith.
{¶ 19} Accordingly, Appellants' first assignment of error is overruled.
 Second Assignment of Error {¶ 20} "THE TRIAL COURT ERRED BY FAILING TO GRANT SUMMARY JUDGMENT IN PLAINTIFFS-APPLLANTS' FAVOR BECAUSE PLAINTIFFS-APPELLANTS WERE ENTITLED TO JUDGMENT AS A MATTER OF LAW."
 Third Assignment of Error {¶ 21} "THE TRIAL COURT ERRED BY FAILING TO GRANT SUMMARY JUDGMENT IN PLAINTIFFS-APPELLANTS' FAVOR BECAUSE DEFENDANTS-APPELLEES BREACHED THEIR DUTY OF GOOD FAITH BY FAILING TO COMPLY WITH THE INSURANCE POLICY'S TERMS."
{¶ 22} In the second and third assignments of error, Appellants assert that the trial court erred in denying their motion for summary judgment. Appellants' first assignment of error was overruled. As a result, this Court declines to address the second and third assignments of error. See App.R.12(A)(1)(c).
{¶ 23} Appellants' first assignment of error is overruled. Based upon this Court's decision with regard to the first assignment of error, we decline to address the second and third assignments of error. The decision of the Lorain County Court of Common Pleas is affirmed.
SLABY, P.J., WHITMORE, J. CONCUR.