DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant Megan Weidner has appealed from a decision of the Summit County Court of Common Pleas that granted summary judgment in favor of Defendant-Appellee Westfield Insurance Company. This Court affirms.
 I {¶ 2} On August 3, 2001, Appellant filed a complaint for declaratory judgment against Appellee. In the complaint, Appellant contended that on December 24, 2000, she was standing directly adjacent to a vehicle operated by Latisha Garcia on an island located in the middle of Salt Springs Road, Youngstown, Ohio. While standing beside the vehicle, Appellant alleged that she was struck by a hit-and-run vehicle; the vehicle dragged Appellant approximately 75-100 feet. Appellant alleged that the driver of the vehicle negligently lost control of the vehicle as it was coming down the Salt Springs Road exit ramp. Appellant sought a declaration that she was entitled to uninsured and underinsured motorists ("UM/UIM") coverage under an automobile policy that her mother's employer, Summa Health System ("Summa"), maintained with Appellee.
 {¶ 3} Appellee filed an answer and counterclaim for declaratory judgment on September 25, 2001. Appellee also filed a motion for summary judgment. In the motion, Appellee contended that Appellant was not entitled to uninsured motorists benefits because she was not an "insured." Appellee argued that coverage under the insurance policy did not extend to Appellant because the policy language was no longer ambiguous after it was amended by Endorsement CA 7052. Prior to the amendment, the insurance policy provided:
"B. Who Is An Insured
"1. You
"2. If you are an individual, any `family member."
 {¶ 4} After the amendment, the insurance policy provided:
"B. Who Is An Insured
"1. The Named Insured
"2. If the Named Insured is an individual, any `family member.'"
 {¶ 5} Appellee contended that the amended language was unambiguous and that therefore Scott-Pontzer v. Liberty Mut.Fire Ins. Co. (1999), 85 Ohio St.3d 660, overruled in part,Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, did not apply.
 {¶ 6} Appellant filed a motion for summary judgment and brief in opposition to Appellee's motion on March 28, 2002. Appellant contended that her motion should be granted, and Appellee's motion denied, for two distinct reasons. First, the language contained in the insurance policy was ambiguous and thereforeScott-Pontzer applied and UM/UIM benefits extended to her because she was a family member of an employee. Second, assuming the policy was found to be unambiguous, she argued that she was entitled to UM/UIM coverage because the replacement endorsement that modified the language of the policy was improperly substituted into Summa's policy as there was no agreement between Summa and Appellee as to the insertion of this substitute endorsement.
 {¶ 7} On August 8, 2003, the trial court granted summary judgment in favor of Appellee. The trial court found that subsequent amendments to the insurance policy were invalid pursuant to Linko v. Indem. Ins. Co. of N. Am. (2000),90 Ohio St.3d 445, and that the original contract applied. The trial court further concluded that "[w]ith the original policy including the family member language, [Appellant] would be afforded coverage, but for her being a pedestrian and not in a covered auto." The court explained that "the policy provides a schedule of covered autos `you' own, unlike the policy in [Scott-Pontzer]. Thus, one is insured under the instant policy only when in a covered auto." Relying on Piciorea v. GenesisIns. Co., 8th Dist. No. 82097, 2003-Ohio-3955, the trial court held that because Appellant was a pedestrian at the time of the accident and was not driving a covered automobile, she did not qualify as an "insured." Appellant filed a motion for reconsideration on August 12, 2003, and the motion was denied on September 2, 2003.
 {¶ 8} Appellant has timely appealed, asserting one assignment of error.
 II Assignment of Error
"[Appellant], clearly an insured under [appellee's] policy, cannot be excluded from coverage simply because she was a pedestrian at the time her injuries occurred[.]"
 {¶ 9} In Appellant's sole assignment of error, she has argued that her status as a pedestrian should not exclude her from UM/UIM coverage. This Court disagrees.
 {¶ 10} As an initial matter, we note that the appropriate appellate standard of review for an award of summary judgment is de novo. Doe v. Shaffer (2000), 90 Ohio St.3d 388, 390, citingGrafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Thus, this Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Civ.R. 56(C); Viock v.Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948, 107 S.Ct. 433, 93 L.Ed.2d 383, quoting Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1, 2.
 {¶ 11} According to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence, viewed most strongly in favor of the nonmoving party, that reasonable minds can come to but one conclusion, which is adverse to the non-moving party. See State ex rel. Howard v. Ferreri (1994),70 Ohio St.3d 587, 589.
 {¶ 12} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine issue" exists to be litigated for trial. State ex rel. Zimmerman v. Tompkins (1996),75 Ohio St.3d 447, 449.
 {¶ 13} Civ.R. 56(C) provides an exclusive list of materials which the trial court may consider on a motion for summary judgment. Spier v. American Univ. of the Caribbean (1981),3 Ohio App.3d 28, 29. Specifically, the materials include: affidavits, depositions, transcripts of hearings in the proceedings, written admissions, written stipulations, answers to interrogatories, and the pleadings. Civ.R. 56(C).
 {¶ 14} We first note that, in construing the terms of the insurance policy at issue, the Ohio Supreme court has stated that: "[I]nsurance policies should be enforced in accordance with their terms as are other written contracts. Where the provisions of the policy are clear and unambiguous, courts cannot enlarge the contract by implication so as to embrace an object distinct from that originally contemplated by the parties." Goodyear Tire Rubber Co. v. Aetna Cas. Sur. Co., 95 Ohio St.3d 512,2002-Ohio-2842, at ¶ 8, quoting Rhoades v. Equitable Life Assur.Soc. of the U.S. (1978), 54 Ohio St.2d 45, 47. Moreover, a contract that contains language which is clear and unambiguous, its interpretation is a question of law. Red Head Brass, Inc. v.Buckeye Union Ins. Co. (1999), 135 Ohio App.3d 616, 627, appeal not allowed (2000), 88 Ohio St.3d 1447.
 {¶ 15} The instant policy contains an "OHIO UNINSURED MOTORISTS COVERAGE — BODILY INJURY[,]" endorsement, which provides:
"A. Coverage
"1. We will pay all the sums the `insured' is legally entitled to recover as compensatory damages from the owner or operator of:
"a. An `uninsured motor vehicle' as defined in Paragraphs F.3.a., b. and c. because of `bodily injury':
"(1) Sustained by the `insured'; and
"(2) Caused by an `accident'.
"b. An `uninsured motor vehicle' as defined in Paragraph F.3d because of `bodily injury' sustained by an `insured'." (Emphasis omitted.)
 {¶ 16} The term "insured" is defined in the original policy as:
"B. Who Is An Insured
"1. You
"2. If you are an individual, any `family member.'
"3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto.' The covered `auto' must be out of service because of its breakdown, repair, servicing, loss or destruction.
"4. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured.'"
 {¶ 17} The policy also contains an "other owned auto" exclusion, which provides:
"C. Exclusions
"This insurance does not apply to:
"* * *
"5. `Bodily Injury' sustained by:
"a. You while `occupying' or when struck by any vehicle owned by you that is not a covered `auto' for Uninsured Motorists Coverage under this Coverage Form;
"b. Any `family member' while `occupying' or when struck by any vehicle owned by that `family member' that is not a covered `auto' for Uninsured Motorists Coverage under this Coverage Form; or
"c. Any `family member' while `occupying' or when struck by any vehicle owned by you that is insured for Uninsured Motorists Coverage on a primary basis under any other Coverage Form or policy." (Emphasis omitted.)
 {¶ 18} Appellant has challenged the trial court's finding that she is not entitled to UM/UIM coverage because she was not occupying a covered auto at the time of the accident. Appellant has argued that her "status as a pedestrian cannot be utilized as the basis to deny her coverage under a policy which otherwise has been held by the trial court to provide [her] with $1 million of [UM] coverage." Relying on the "other owned auto exclusion" contained in its policy and this Court's prior decision in Mazzav. Am. Continental Ins. Co., 9th Dist. No. 21192, 2003-Ohio-360, affirmed (2003), In re Uninsured Underinsured MotoristsCoverage Cases, 100 Ohio St.3d 302, 2003-Ohio-5888, Appellee has countered with the argument that UM/UIM coverage is not available to Appellant because the instant policy contains a lengthy and detailed listing of covered autos owned by Summa and Appellant was not occupying an auto listed in the policy at the time of the accident.
 {¶ 19} Before addressing Appellant's arguments, this Court finds it necessary to note that although the trial court never specifically concluded that Scott-Pontzer applied to the instant policy, it is apparent from the analysis conducted by the trial court that Scott-Pontzer was, in fact, applied. This is evidenced by the trial court's statement that "[i]t is not disputed that the uninsured motorist provision of the policy, as originally issued, contains language identical to that found inScott-Pontzer." After addressing Appellee's argument thatEzawa v. Yasuda Fire Marine Ins. Co. of Am. (1999),86 Ohio St.3d 557, overruled by, Galatis, 2003-Ohio-5849, did not apply to the policy, the trial court further stated that "[w]ith the original policy including the family member language, [Appellant] would be afforded coverage, but for her being a pedestrian and not in a covered auto." By concluding that Ezawa applied to the insurance policy, the trial court necessarily had to conclude that Scott-Pontzer also applied. In essence, the trial court essentially concluded that Appellant was an "insured" but was excluded from coverage because she was not driving a "covered auto" at the time of the accident.
 {¶ 20} After reviewing the relevant policy language, this Court finds, as did the trial court, that the definition of "insured" contained in the instant policy is ambiguous. However, this Court need not attempt to conduct a Scott-Pontzer analysis or determine whether the "other owned auto" exclusion applies to Appellant because of the Ohio Supreme Court's recent decision inGalatis.
 {¶ 21} In Galatis, the Ohio Supreme Court addressed "Ohio's law regarding whether uninsured and underinsured motorist insurance issued to a corporation may compensate an individual for a loss that was unrelated to the insured corporation."Galatis, 2003-Ohio-5849, at ¶ 2. The Court concluded that it may not, and held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." (Emphasis added.) Id. at paragraph two of the syllabus. The rationale underlying this holding stems from the general intent of a motor vehicle insurance policy issued to a corporation, which is "to insure the corporation as a legal entity against liability arising from the use of motor vehicles." Id. at ¶ 20, citingKing v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208. An insurance policy extending to:
"[A]n employee's activities outside the scope of employment are not of any direct consequence to the employer as a legal entity. An employer does not risk legal or financial liability from an employee's operation of a non-business-owned motor vehicle outside the scope of employment. Consequently, uninsured motorist coverage for an employee outside the scope of employment is extraneous to the general intent of a commercial auto policy."Galatis, 2003-Ohio-5849, at ¶ 20.
 {¶ 22} Additionally, the Galatis court held that the decision in Scott-Pontzer was correct "to the extent that it held that an employee in the scope of employment qualifies as `you' as used in [the employer's insurance policy], and thus, is entitled to uninsured motorist coverage." (Alterations added.)Galatis, 2003-Ohio-5849, at ¶ 31. The court further overruled its prior holding in Ezawa and held that "where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as `other insureds' does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured." Id. at ¶ 62.
 {¶ 23} This Court notes that "the general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law."Peerless Elec. Co. v. Bowers (1955), 164 Ohio St. 209, 210, appeal dismissed (1956), 352 U.S. 804, 77 S.Ct. 30, 1 L.Ed.2d 38. Thus, in accordance with Galatis, we conclude that Appellant is not entitled to UM/UIM coverage under Appellee's insurance policy. As a family member of an employee of Summa, Appellant is not an "insured" because the corporation (i.e., Summa) is designated as the "named insured," but Appellant's mother is not also listed as the "named insured." Therefore, UM/UIM coverage could not extend to an employee's family members. See Galatis,2003-Ohio-5849, at ¶ 62. Consequently, Appellant's assignment of error is not well taken.
 III {¶ 24} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
Carr and Slaby, JJ., concur in judgment only.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.